In the Matter of J.W.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-287-CV

IN THE MATTER OF J.W. 

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In September 2002, Appellant J.W. was adjudicated delinquent on three counts of aggravated sexual assault of a child.  The trial court sentenced him to ten years’ confinement in the Texas Youth Commission (TYC), subject to a possible transfer to the Institutional Division of the Texas Department of Criminal Justice (IDTDCJ).  In August 2005, pursuant to TYC’s request, the trial court conducted a transfer hearing and transferred Appellant from TYC to IDTDCJ.  Appellant appeals from the transfer order.

In one point, Appellant contends that the trial court’s admission of exhibits containing TYC records and a summary report thereof violated his rights to confrontation and due process.  Despite the fact that Appellant established at trial that the witness through whom the State’s exhibits were introduced had no personal knowledge of the information contained therein, and despite Appellant’s comment in his brief on appeal that the witness’s testimony was hearsay, Appellant did not object at trial to the witness’s testimony.  Although Appellant does not explain on appeal which specific items of evidence in the exhibits were both testimonial and harmful, our review of the unchallenged testimony shows that while at TYC, Appellant

maintained the next to the lowest phase—Phase One—in correctional therapy, which indicated to TYC personnel that he was neither trying nor motivated to complete the resocialization program;

had approximately 369 documented incidents of misconduct or referrals from the time he arrived at TYC until the day of the hearing, ranging from failing to follow instructions to assaulting staff;

was confined in the security unit 75 times;

was discharged unsuccessfully from the sex offender program; and

was warned on several occasions that he could be transferred to IDTDCJ if he continued to engage in noncompliant behavior.

The testimony also indicated that TYC officials recommended that Appellant be transferred to IDTDCJ for the remainder of his sentence.  This evidence supports the trial court’s determination to transfer Appellant to IDTDCJ.
(footnote: 2) To preserve error in the admission of evidence, a party must make a proper objection and get a ruling on that objection and must then object each time the inadmissible evidence is offered or obtain a running objection.
(footnote: 3)  Error in the admission of evidence is cured when the same evidence comes in elsewhere without objection.
(footnote: 4)  Because Appellant did not object to the testimony, he has failed to preserve error in the admission of the exhibits.  Consequently, we overrule Appellant’s sole point and affirm the trial court’s order.

PER CURIAM

PANEL F: DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED:  April 20, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. Fam. Code Ann.
 § 54.11(k) (Vernon Supp. 2005).

3:
Valle v. State
, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003); 
see also 
Tex. R. App. P.
 33.1(a)(1).

4:
Valle
, 109 S.W.3d at 509.